## Commonwealth v. Gift

*Thomas H. Crider*, for Commonwealth.
*George S. Black*, for appellant.

DEPUY, P. J., March 26, 1960.—This is an appeal by Thomas C. Gift from withdrawal by the Secretary of Revenue on October 3, 1957, of his license to operate a motor vehicle in Pennsylvania. The order of this court of October 7, 1957, stayed the suspension pending outcome of the appeal.

The Commonwealth not having in the meanwhile moved the court to fix a time of hearing, the case was heard on March 14, 1960, de novo . . .

Had this appeal hearing been held promptly after the examination, Trooper Kline would have had such a personal recollection of the facts to permit him to testify in more detail as to the characteristics of Mr. Gift's driving which in his opinion indicated incompetence. In light of the large number of examinations annually conducted by the officer it has become impossible for him to acquaint the court with the actual happenings on the day of examination.

Were the written record concerning the examination complete so that the trooper could refresh his recollection from it in detail, the evidence adduced at the hearing might well sustain the action of the Department. However, the notes made by the officer in pencil are brief and the questions printed on the sheet are succinct to the point where they do not help very much in describing the actual conduct of the operator where the officer had checked off a particular block, indicating a deficiency.

To deprive a licensee who uses a motor vehicle for his daily livelihood, and has done so for decades, of his operating privilege is a matter of such importance that the record of a failed examination and the showing made by the Department at a de novo hearing on appeal ought to make clearly evident the basis and justification for the withdrawal of license. In our view the police system should provide that the examiner in

any instance of a failed exam should come back to his substation and write or dictate a complete running statement of the examination.

In the present appeal much time has intervened between the examination and the hearing. During this period appellant continued his work of trucking. Thus he had a significant opportunity, beyond the brief exam, of demonstrating the characteristics of his driving. Under the circumstances the intervening record is of some benefit to Mr. Gift.

The Department may well require a reëxamination of appellant at this time in order to define his present capacities.

In light of the history of the present case and delays in procedure which somehow hampered prompt disposition of the appeal, it occurs to us that the Department of Revenue or the Attorney General, in their arrangements with attorneys for representation in the respective counties, might well prepare a printed form of contract or letter of instruction so that the attorney accepting an appointment by the Department would do so on an annual or consistent basis and would agree, during the same period, not to be employed by individual operators desiring to resist action of the Department regarding suspensions.

In our view the Department at the hearing has not shown by the preponderance of evidence that the operating privilege of Thomas C. Gift should be terminated.

Now, March 26, 1950, the appeal of Thomas C. Gift is sustained and the Secretary of Revenue, Commonwealth of Pennsylvania, is directed to reinstate the operating privilege of Thomas C. Gift. Exception granted to the Commonwealth. There being no legislation permitting payment of costs by the Department, costs are placed upon appellant.